UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| HARRISON LEWIS, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF )<br>INVESTIGATION, et al., )<br>)<br>Defendants. ) | Civil Action No. 04-2288 (RJL) |

## MEMORANDUM

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant Federal Bureau of Investigation's ("FBI") motion for summary judgment. Plaintiff was given until March 27, 2006, to oppose the motion or risk dismissal of the case. *See* Order (Feb. 24, 2006). Plaintiff has neither responded nor sought additional time to respond. For the following reasons, the Court will grant defendant's motion and dismiss the case.[1]

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may grant summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the [withheld] documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit*

---

[1] In addition to the FBI, plaintiff has named Warden B.A. Bledsoe as a defendant. Because FOIA actions are authorized to be brought only against executive branch agencies, *see Sherwood Van Lines, Inc. v. U.S. Department of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990), the complaint against this individual is dismissed for failure to state a claim upon which relief may be granted.



*Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In reviewing a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). Moreover, as plaintiff was advised, any unrefuted factual assertions in defendant's declarations are accepted as true. *See* Feb. Order at 1. Defendant's unopposed factual assertions therefore are deemed admitted.

Plaintiff requested FBI records pertaining to his criminal case. The FBI released records but redacted information under FOIA exemptions 2, 6, 7(C), 7(D), 7(E), and the Privacy Act, 5 U.S.C. § 552a(j)(2). Def.'s Statement of Material Facts for Which There is No Genuine Dispute ¶ 12. It withheld some responsive records in their entirety. Defendant avers that it reviewed the responsive records to determine their segregability and released all reasonably segregable information. Second Declaration of Thomas Hardy ¶ 46. Based upon defendant's motion, the Hardy declaration and the supporting exhibits, the Court concludes that defendant has satisfied its obligations under the FOIA and is entitled to judgment as a matter of law. A separate Order of dismissal accompanies this Memorandum.

Date: 6/13/06

Richard J. Leon
United States District Judge